UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS K. WINLAND,

    Petitioner,

v.                                                                        Case No: 2:16-cv-2-FtM-99MRM

FLORIDA ATTORNEY GENERAL
and SECRETARY, DOC,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Douglas K. Winland's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254 constructively filed on December 28, 2015.[2] (Doc. 1, Petition). Winland, who is incarcerated within the Florida Department of Corrections, challenges his 2012 conviction and sentence entered by the Twentieth Judicial Circuit Court in and for Lee County, Florida for attempted second degree murder with a firearm, aggravated assault with a firearm, and shooting at, into, or within a dwelling or building (Case No. 10-CF-20013). (*Id.*). Respondent, the Secretary of the Florida

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Although filed in this Court on January 4, 2016, under the "mailbox rule," a prisoner's motion is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

Department of Corrections, filed a limited response to the petition, incorporating a motion to dismiss the Florida Attorney General as a respondent and dismiss the petition as untimely filed. (Doc. 9). Petitioner filed a reply to the limited response. (Doc. 12).

## Proper Named Respondent

Respondent seeks dismissal of the Florida Attorney General as a Respondent from this action. When a petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (citations omitted). Here, petitioner was committed to the custody of the Florida Department of Corrections. (Exh. 5 at 3).[3] The proper named respondent is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed as a named respondent from this action.

## Procedural History

The Honorable Thomas S. Reese adjudicated Winland guilty in accordance with the jury's verdict of attempted second degree murder (count one), aggravated assault with a firearm (count two), and shooting at, within, or into a dwelling or building (count three), and sentenced Winland to a minimum mandatory sentence of twenty (20) years imprisonment on March 28, 2012. (Exh. 5). The state appellate court affirmed Winland's conviction and sentence without opinion on direct appeal in number 2D12-2414 on August 16, 2013. (Exh. 8). Winland did not petition the United States Supreme Court for certiorari review.

---

[3] Citations are to the paper exhibits filed by Respondent on August 11, 2016 (Doc. 11).

Winland filed a *pro se* 50 page motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure identifying 19 grounds for relief on May 12, 2014. (Ex. 9). The state post-conviction court entered an order on July 1, 2014, directing Winland to amend his Rule 3.850 motion finding: (1) the Rule 3.850 motion was timely and contained the proper oath but failed to comply with Rule 3.850's "formatting requirements"; and (2) the majority of the grounds for relief (18 of 19) were "facially insufficient." (*Id.*). Winland filed an amended Rule 3.850 motion on August 18, 2014. (Exh. 11). After response from the State (Exh. 13), the post-conviction court denied Winland's amended Rule 3.850 motion without a hearing on November 14, 2014. (Exh.14). Florida's appellate court *per curiam* affirmed on appeal. *Winland v. State*, 177 So. 2d 619 (Fla. 2d DCA 2015). Mandate issued on August 13, 2015. (Ex. 17).

Although not relevant for this Order, the record reflects that Winland filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel on October 22, 2015. (Ex. 18). The state circuit court dismissed the petition as untimely. (Doc. 19). Winland then filed a "Successive Motion for Postconviction Relief" on October 13, 2015. (Exh. 20). The post-conviction court dismissed the Successive Motion as untimely and successive under Rule 3.850. (Exh. 21). Winland appealed the dismissal. (Doc. 22). Florida's appellate court *per curiam* affirmed. *Winland v. State*, 202 So. 3d. 421 (Fla. 2d DCA 2016).

Applicable Law and Analysis

Under the requirements in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to filing a federal habeas petition by a person in custody under a state court judgment. This

one-year limitation period begins to run from the latest of four triggering events:

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. *Id.* at § 2244(d)(1)(A).

Respondent correctly calculates that Winland's conviction and sentence became final on November 14, 2013, ninety days after mandate by the State court issued since Winland pursued no writ of certiorari. See *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(where petitioner elects not to seek direct review by the Supreme Court his judgment is not considered final until the time for seeking such review expires). The one-year AEDPA clock is "tolled during times in which a 'properly filed' application for state post-conviction relief is 'pending.'" *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 (11th Cir. 2017)(citations omitted). "In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial

4

court's denial of the motion." *Woulard v. Sec'y, Dep't of Corr.*, 707 F. App'x 631, 633 (11th Cir. 2017).

Respondent contends that Winland's Rule 3.850 motion filed May 12, 2014 was not "properly filed," and thus, did not toll the federal limitations period. (Doc. 9 at 4). Instead, Respondent submits that Winland did not have a "properly filed" tolling motion pending until August 18, 2014, when Winland filed his amended Rule 3.850 motion. (*Id.* at 5.) The Court disagrees. Under Florida law, a Rule 3.850 motion that corrects a deficient pleading relates back to and is deemed filed as of the original filing date. *Green*, 877 F.3d at 1248 (*citing Bryant v. State*, 901 So.2d 810, 818 (Fla. 2005) (*per curiam*).). Furthermore, Florida law mandates that a state trial court allow a *pro se* defendant at least one opportunity to amend a legally insufficient post-conviction motion to meet the Rule's requirements. *Spera v. State*, 971 So.2d 754, 761 (Fla. 2007). Here, the state post-conviction court did not strike the Rule 3.850 motion but only warned Winland if he failed "to amend within sixty days, the original [Rule 3.850] motion will be disposed of as written." (Exh. 10 at 2). Petitioner complied with the post-conviction court's order and filed an amended, corrected Rule 3.850 motion. (Exh. 11). Therefore, even if the post-conviction court had stricken the original motion, under Florida's rule, the corrected, amended Rule 3.850 motion related back to the original filing date, May 12, 2014. Consequently, the entire period between May 12, 2014, the date of filing of the original Rule 3.850 motion, and August 13, 2015 (the date mandate issued on appeal from the denial of his amended Rule 3.850 motion) was tolled. Based upon the record and

controlling law, the Court finds the Petition timely filed.[4]

Accordingly, it is now

**ORDERED:**

1. Respondent's motion to dismiss the Florida Attorney General as contained within the Limited Response (Doc. 9) is **GRANTED** and the Florida Attorney General is **DISMISSED** as a named Respondent from this action.

2. Respondent's motion to dismiss the Petition as time-barred as contained within the Limited Response (Doc. 9) is **DENIED**.

3. Respondent shall file a response to the Petition within **sixty (60) days** of this Order that complies with the dictates of the April 13, 2016 Order (Doc. 8)

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of July, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

---

[4] Only 179 days elapsed between the dates when Winland's conviction became final (November 14, 2013) and when he filed his original Rule 3.850 motion (May 12, 2014). Another 137 days elapsed between the dates when mandate issued denying the appeal of his amended Rule 3.850 motion (August 13, 2015) and when Winland delivered his Petition to correctional officials for mailing (December 28, 2015). Thus, only 315 days of the one-year federal limitations period expired.